[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12122
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 8, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-20721-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT GOLAN HILTON THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 8, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Golan Hilton Thomas ("Hilton Thomas") appeals his conviction for

illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326(a). After a thorough review of the record, we affirm.

Hilton Thomas was indicted on August 5, 2008, for illegal reentry into the United States after removal, in violation of 8 U.S.C. § 1326. On December 2, 2008, the government filed a superceding indictment, again charging Hilton Thomas with illegal reentry and adding a count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250.

Hilton Thomas requested and received continuances for his trial date on September 30, October 31, and December 3, 2008. Then, on January 8, 2009, he requested another forty-five-day continuance to enable him to obtain documents from the Board of Immigration Appeals. The district court summarily denied the motion.

Hilton Thomas moved to dismiss the § 1326 charge on January 9, 2009. He explained that he had been convicted of a sexual battery offense in 2003, had been ordered removed in 2005, and was removed in 2006. He claimed, however, that he had no notice of any proceedings after the removal order issued until he received a "Warning for Failure to Deport" on September 29, 2006. As such, he was unable to appeal the order and was denied the right to meaningful review. He asserted that

2

this denial of due process allowed him to collaterally attack the underlying removal order and the instant charge of illegal reentry.

The court conducted a bench trial at which it denied Hilton Thomas's motion to dismiss.[1] Hilton Thomas argued that the government could not prove that he had been removed because the removal process had been procedurally flawed. The court disagreed and found Hilton Thomas guilty.

Hilton Thomas moved for rehearing, citing additional evidence that his Fifth Amendment Rights were violated during the removal process. The district court denied the motion, finding that Hilton Thomas had not shown that he lacked notice of the removal order or that the removal order was fundamentally unfair. Hilton Thomas was sentenced to sixty-three months' imprisonment. This appeal followed.

On appeal, Hilton Thomas argues that the district court abused its discretion in denying his motion for continuance and erred in denying his motion to dismiss Count One of the indictment, charging him with illegal reentry into the United States after removal, on the ground that his underlying removal order was invalid

---

[1] The district court denied the motion to dismiss the § 1326 offense. The court, however, dismissed the § 2250 offense, finding the statute unconstitutional. The court later vacated the dismissal and reinstated the charge. Hilton Thomas then pleaded guilty to the § 2250 offense.

because it was procured in a manner that violated his due process rights. We address each issue in turn.

I. Continuance

We review the denial of a motion for a continuance for abuse of discretion. *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005). The burden is on the appellant to show that the denial of the motion resulted in specific substantial prejudice. *United States v. Davis*, 967 F.2d 516, 518 (11th Cir. 1992).

The district court did not abuse its discretion in denying Hilton Thomas's motion for continuance. Hilton Thomas had more than five months to prepare his defense and obtain the records. Moreover, the records would not have shown that the removal proceedings were fundamentally unfair. Thus, Hilton Thomas cannot show that he was substantially prejudiced as a result of the denial and the district court did not abuse its discretion.

II. Motion to Dismiss

We review *de novo* the district court's denial of Hilton Thomas's motion to dismiss Count One on the ground of the invalidity of the underlying removal order. *United States v. Zelaya*, 293 F.3d 1294, 1297 (11th Cir. 2002). To succeed on a collateral attack on a removal order in a criminal proceeding, the alien must show: (1) that he exhausted any administrative remedies that may have been available to

4

seek relief against the order; (2) that the removal proceeding at which the order was issued improperly deprived the alien of an opportunity for judicial review; and (3) that the entry of the order was fundamentally unfair. *Id.* (citing 8 U.S.C. § 1326(d)). To show that the entry of the order was fundamentally unfair, the alien must, at a minimum, demonstrate that the outcome of the removal proceeding would have been different but for a particular error. *Id.* at 1298.

The district court did not err in denying Hilton Thomas's motion to dismiss Count One of the indictment because Hilton Thomas failed to meet the requirements of 8 U.S.C. § 1326(d). Hilton Thomas failed to exhaust his administrative remedies. He was present for the telephone conference at which the immigration judge issued the removal order, but he did not appeal that decision to the Board of Immigration Appeals. This failure to exhaust administrative remedies is fatal to his motion to dismiss.

Moreover, Hilton Thomas failed to establish that the removal order was fundamentally unfair. Hilton Thomas has offered nothing to show how he would have been successful had he appealed the removal order. Hilton Thomas's criminal history confirms he was removable for having committed an aggravated felony. Because Hilton Thomas cannot show that the outcome would have been

different, there is no basis for his claim that the proceedings were fundamentally unfair.  Accordingly, we affirm.

**AFFIRMED.**